In the Matter of AMERICAN NURSES' ASSOCIATION PROFESSIONAL COUNSELING & PLACEMENT SERVICE, INC., Petitioner, against BENJAMIN FIELDING, as Commissioner of Licenses of the City of New York, Respondent.

Supreme Court, Special Term, New York County, March 26, 1946.

*William C. Scott* for petitioner.

*John J. Bennett, Corporation Counsel* (*Herbert Lasky* and *Irving Koufax* of counsel), for respondent.

*Edwin F. X. Silk* for Nurses' Registeries of New York, Inc., and others, *amici curiæ*.

EDER, J. Proceeding under article 78 of the Civil Practice Act to annul the determination of the respondent, Commissioner of Licenses of the City of New York, in refusing to grant a license to the petitioner to maintain an employment agency in the form of a nurses' registry and for an order directing the issuance of such a license to the petitioner.

In making application to the respondent for a license the petitioner appears to have proceeded on the theory that it came within article 11 of the General Business Law, e. g., within the provisions of section 171 and was required to be licensed under section 172 thereof; the respondent likewise, was of that view.

Respondent's basic reason for denying a license to the petitioner was that in his judgment the business of the petitioner is affected with a public interest and in his judgment certain monopolistic features would result from the granting of the license which would be undesirable from the viewpoint of the public safety, health and welfare.

In my opinion, both petitioner and respondent are in error in their belief or conclusion that the petitioner comes within the purview of the afore-mentioned statute.

Subdivision 2 of section 171 defines an employment agency as one " where a fee or other valuable consideration is exacted, or attempted to be collected for such services ", in which event a license is required (§ 172).

It affirmatively and definitely appears that the petitioner has not charged and will not charge any fee or other valuable consideration for its placement services and that veterans are placed free of charge precisely like the placement of any other nurse, and that it is planning to render its services free of

charge to graduate registered professional nurses and to auxiliary workers in the care of the sick regardless of whether the same are members of the American Nurses' Association.

The membership dues of seventy-five cents per year paid by members of the American Nurses' Association do not constitute a fee or other valuable consideration for placement services inasmuch as such services are available free of charge to non-members of said association as well as to members and said dues are payable by members of said association whether or not such members make any use of the services of the petitioner.

As the petitioner does not come within the provisions of the afore-mentioned statute, its application for a license was unnecessary and it is therefore not entitled to the order and relief sought by this application.

It may be remarked, in passing, that if the petitioner's proposed activities should result in a monopoly, adequate statutes are available and may be invoked as a curb, if and when, such an event shall occur.

The motion is denied, and the proceeding is dismissed. Settle order.